✓ Trenga (A)

## IN THE FEDERAL COURT OF VIRGINIA

NEILSON F. BEVIER, III

Appellant,



RECORD NO. 3079-09-02

COMMONWEALTH OF VIRGINIA,

Appellee.

1:10CV

### PETITION FOR APPEAL

TO: THE HONORABLE CHIEF JUSTICE AND JUDGES OF THE FEDERAL COURT OF VIRGINIA:

YOUR DEFENDANT, NEILSON F. BEVIER, III, RESPECTFULLY REPRESENTS THAT HE IS AGGRIEVED BY THE FINAL ORDER ENTERED BY THE CIRCUIT COURT OF VIRGINIA, COUNTY OF CHESTERFIELD, VIRGINIA WHEREIN YOUR DEFENDANT WAS SENTENCED TO SERVE FORTY-THREE YEARS OF ACTIVE INCARCERATION.

THE COMMONWEALTH OF VIRGINIA WILL HEREAFTER BE REFERRED TO AS THE "COMMONWEALTH" AND NEILSON F. BEVIER, III, WILL BE REFERRED TO AS "DEFENDANT" OR "MR. BEVIER" DEPENDING ON CONTEXT. REFERENCE TO DOCUMENTS WILL BE BY THE TABLE OF CONTENTS PREPARED BY THE CLERK OF THE CHESTERFIELD COUNTY CIRCUIT COURT.



1

Testimony from the trial held on April 7, 2005  will be "Tr." and

testimony from the sentencing hearing held on July 14, 2005

will be "S. p."  References to the Pre-Sentence Report will be

"PSR p."

## STATEMENT OF THE CASE

On April 7, 2005, Neilson Bevier, III was convicted by a jury upon a plea of not guilty to all counts presented in the Circuit Court for the County of Chesterfield.  Mr. Bevier was charged with two counts of Abduction in violation of Virginia Code  Section 18.2-47, two counts of Robbery in violation of Virginia Code Section 18.2-58, four counts of Use of a Firearm during Abduction and Robbery in violation of Virginia Code Section 18.2-53.1, and Possession of a Firearm by a Felon in violation of Virginia Code Section 18.2-308.2 (Tr. pp. 5-12). Mr. Bevier was found guilty on both robbery and use of a firearm during the course of a Robbery as well as the Possession of a Firearm by a Felon.  Mr. Bevier was found not guilty of the Abduction and Use of a Firearm during the course of an Abduction charges (Tr. pp. 264-265).

The jury sentenced Mr. Bevier to 15 years each on both Robbery charges, three years on the first and five years on the second Use of a Firearm charge, and five years for the

3

Possession of a Firearm by a Felon charge for a total on all guilty verdicts of 43 years and the Jury was polled (Tr. pp. 278-280).   Upon defense counsel's motion to strike the Commonwealth's case (Tr. p. 205), and to set aside the Jury's verdict with a request for a Pre-Sentence Report, a hearing for which was set for July 14th, 2005 (Tr. pp. 281-282).

On July 14, 2005, the Court adopted the sentencing recommendation of the jury without modification (Sentencing Tr. pp. 13-14).

## STATEMENT OF FACTS

On April 7, 2005, Mr. Bevier entered pleas of not guilty to all charges and requested the jury to hear the case.  The Commonwealth offered two Motions in Limine, the first was concerning the defense not making any reference to mandatory sentencing during the course of the trial (Tr. p. 18) and was not objected to by defense counsel.  The second dealt with the Commonwealth offering evidence of "signature crimes" (Tr. p. 18) to which the defense objected.  The Court ruled that it would consider the evidentiary ruling outside the jury's purview at the appropriate time upon the Commonwealth's motion (Tr. p. 19).  The defense's objection was subsequently sustained.  (Tr. pp. 169-170).

The jury was selected, instructed by the Court, whereupon evidence was presented.

The Commonwealth's first witness was the cashier at the store, Mr. Rodrigues, who testified that he was present as an employee of Advance Auto on Iron Bridge Road on the evening

5

of September 17, 2004.  He stated that there was a storm that night and he was working with two other employees.  A person entered the store and went to the back section of the store. After a very short time he approached the cashier with a bandana around his nose and holding a gun.  The robber escorted him and Mr. Haskins, another employee, to the back of the store where a safe was located.  The robber forced Mr. Rodrigues to lie on the floor and then directed Mr. Hasking to open the safe located in the room.  He then robbed the store of money (Tr. pp. 63-71).

Mr. Rodrigues testified that he provided an "okay description" of the person as well as the clothing he was wearing to the police who came to the scene (Tr. p. 27).  He continued to testify that he was presented on three different occasions with different photo arrays of suspects by Detective Clark over the course of four weeks in which he was unable to identify the robber (Tr. pp. 72-75).  He did select the picture of the defendant that was in the third photo line up.  Upon cross examination, differences in his prior testimony was exposed as

to the description previously provided (Tr. pp. 76-81).

The Commonwealth's next witness was Mr. Haskins, the assistant manager and one of the other employees present at the Advance Auto Store when the robbery took place. His testimony as to the description of the person who robbed the store varied on some specifics with that of Mr. Rodrigues' (Tr. p. 103) as did his recall of specific events as to how they were escorted to the backroom and at whom the gun was pointed at during the procession (Tr. pp. 83-86, 117). The testimony of Mr. Rodrigues was that the robber had his gun to his back and the back of his neck while that of Mr. Haskins was that Mr. Rodrigues went first, then Mr. Haskins and then the robber (Tr. 99, 117).

Beyond the testimony of the two victims of the robbery, the Commonwealth presented of Investigator Clark who testified to the presentation of the various phone line-ups to Mr. Haskins and Mr. Rodrigues (Tr. 132-198). The most salient portion of the testimony was that, at first, she testified that she assembled the photographic arrays (Tr. 132) and then

later modified that statement to say that the photographic
arrays were actually prepared by the forensics unit (Tr. 147).
When asked if she had read the protocol manual on the
presentation of the photographic array she responded with a
hardly encouraging: "I'm sure I've looked at it." (Tr. 148).

The Defense put on the evidence of Donte Blunt, a friend
of Mr. Bevier.  Mr. Blunt testified that on Friday the 17th of
September, 2004, Mr. Bevier was at the apartment of Mr. Blunt
doing his laundry (Tr. 177-179).  Despite vigorous cross
examination by the Commonwealth, Mr. Blunt was very specific
about the date because of the stormy weather on that
particular day (Tr. 177).  On this point, both Mr. Rodrigues (Tr.
64) and Mr. Haskings (Tr. 77), both agreed.

Mr. Bevier was convicted by the jury as described above
and sentenced to serve a term of 43 years (Tr. p. 278).
During the course of deliberations, the jury sent three
questions out to the Honorable Judge Gill regarding whether
the time they were considering would be served concurrently

8

or consecutively and why there was a discrepancy for the time required for the gun charges in the robbery of the two employees (Tr. pp. 274-276).

# ASSIGNMENT OF ERRORS

I.  The Court of Appeals errored in finding the Circuit Court did not error on the ruling of the Chesterfield County Circuit court that the Commonwealth had produced sufficient evidence as a matter of law to identify the defendant as the person who committed the crimes of which he was convicted.  This issue was preserved several times during the course of the trial -  Tr. 205, 240, 243, 245, 249 and 280.

II.  The Court of Appeals errored in finding no error by the Chesterfield County Circuit Court in that court's ruling that the defendant was the person who committed the crimes of which he was convicted in light of the alibi testimony of Donte Blunt.  This issue is preserved at Tr. 205, 247, 249 and 280.

III. The Court of Appeals errored in finding no error in the decision of the Chesterfield County Circuit Court not to adjust the verdict based on the potential jury confusion over consecutive as opposed to concurrent time.  This issue was preserved at Sentencing Trial pp. 7, 9-10

## QUESTION PRESENTED

**1. Was there sufficient evidence as a matter of law for the court to conclude that the defendant was the individual who committed these crimes given the inconsistencies of the Commonwealth witnesses? (Tr. 205 and 280)**

1A. A certain level of imprecision is always present in any trial and certainly Mr. Bevier was identified as the robber by both witnesses. However, while they seemed sure of the face, there was striking inconsistencies between them on what the robber wore and in the testimony at trial as compared to initial reports to the police and preliminary hearing. In theory one would expect that if a witness can remember a face, he should certainly remember such basic things as the color of a shirt or whether it was short sleeved or long sleeved.

**2. Was there sufficient evidence as a matter of law for the court to reject the testimony of defense witness, Donte Blunt, who clearly established an alibi for the Defendant? (Tr. 280)**

2A. The defense witness, Donte Blunt, clearly testified that at the time of the crime the defendant was visiting with him at his apartment and doing laundry. He was very clear about the date given that all the witnesses agreed that September 17, 2004 was the day with a windy hard rain. There is no indication that jury or the trial court dealt in any fashion with this evidence.

**3. Did the court provide proper instruction to the jury panel when they requested guidance as to consecutive and concurrent period of imprisonment? (Tr. Sentencing Trial 7, 9-10)**

3A. Between the finding of guilt at trial and the sentencing hearing the Commonwealth Attorney was contacted by a

member of the jury who stated the jury was confused about concurrent as opposed to consecutive time.  This information was apparently not used by the trial court which imposed the jury sentencing recommendation without modification.

## **ARGUMENT I**

**I. Whether the trial court committed reversible error by finding the evidence sufficient to support the convictions.  This issue was raised (Tr. p. 205 and 280), and the Petitioner maintains that the ends of justice exception of Rule 5A:18 of the Virginia Rules of the Supreme Court should apply, as the error is clear, substantial and material.**

When the sufficiency of the evidence is challenged on appeal this Court must review the evidence in "the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom."  Ortega v. Commonwealth, 31 Va. App. 779, 786, 525 S.E.2d 623, 627 (2000).  The conviction will be sustained only if the evidence excludes every reasonable hypothesis of innocence. Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  A suspicion of guilt, however strong, or even a probability of guilty, is insufficient to support criminal conviction.  Boothe v. Commonwealth, 4 Va. App. 484, 492, 358 S.E.2d 740, 745 (1987).

The credibility of witnesses, the weight accorded the

13

evidence, and the inferences to be drawn from the evidence are matters for the fact finder's determination, but whether a criminal conviction is supported by evidence sufficient to prove guilty beyond a reasonable doubt is a question of law not a question of fact.  A conviction based upon a suspicion of guilty, however strong, cannot be affirmed.  Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 315 S.E.2d 598, 601 (1989).  An accused is entitled to a presumption of innocence which follows him throughout the trial, and he must be acquitted unless the Commonwealth proves beyond "a reasonable doubt every material element" of the offense. Hodge v. Commonwealth, 217 Va. 338, 345, 228 S.E.2d 692, 697 (1976).

Mr. Bevier contends that the evidence was insufficient to prove that he commented the offenses he was convicted of.

The Commonwealth relies solely upon the testimony of the two witnesses, Mr. Rodrigues and Mr. Haskins, as to the identity of Mr. Bevier.  The finder of the facts decides the credibility of witnesses and the weight given to the evidence.

14

Estes v. Commonwealth, 8 Va. App. 520, 382 S.E.2d 491

(1989); Higginbotham v. Commonwealth, 216 Va. 349, 218

S.E.2d 534 1975  However, whether a conviction is supported

by sufficient evidence is a matter of law and not fact.

Bridgeman v. Commonwealth, 3 Va. App. 523, 351 S.E.2d

598 (1986).

The factors to consider in determining reliability are: (1)

the witness' opportunity to view the criminal at the time of

the crime; (2) the witness' degree of attention; (3) the

accuracy of the witness' prior description of the criminal; (4)

the level of certainty demonstrated by the witness at the

confrontation; and (5) the length of time between the crime

and the confrontation.  Neil v. Biggers, 409 U.S. 188, 199-

200, 34 L. Ed. 2d 401, 93 S. Ct. 375 (1972).

It is a given in any trial, criminal or otherwise, that there

will be inconsistencies in testimony from one witness to the

next and even by the same witness from a deposition or

preliminary hearing to the trial.  Because of this the law

imposes different levels of proof based on the gravity of what

15

is at stake.  Here, in a criminal matter where an individual's
freedom is at risk, the law imposes its highest standard, proof
beyond a reasonable doubt.  <u>Higgenbotham, supra.</u>  Here the
totality of the Commonwealth's case is based on the
eyewitness identification of the defendant by the two victims
of the robbery.  As accurately identified by trial counsel: "No
video. No fingerprints.  No gun.  No money.  No bag he took it
with.  Nothing.  It's all identification." (Tr. 60)

Given the importance of identification, one would expect
that the two witnesses, who did seem to be sure of his face,
had immense difficulty with what should be very simple, the
clothes worn by the robber.  The best or worst example of
this was the testimony of Mr. Rodrigues who originally
testified that the robber was wearing a long sleeved, white
colored shirt. (Tr. 77).  This was followed by this exchange
during cross examination.

> Question: You can't remember specifically his clothing.
> Did you give a clothing description to the police that
> evening though?
> Answer:  Like a name-wise, or –
> Question: Yeah.
> Answer: No.

Question: Did you tell them long sleeve, short sleeve, white?

Answer:  It was short sleeve.

Question: I'm sorry, sir.  I thought you just said it was long sleeved?

Answer:  No. No.  I'm saying length-wise.

Question: Okay. It was a long shirt, not long sleeve.

Question: Okay.  Was the shirt – was the sleeves on the shirt long or short?

Answer:  They were long – I mean they were short.  They –-

Question:  They're short sleeves?

Answer:  Yes.

Question:  Sir, I believe the testimony in your Preliminary Hearing you said it was a long-sleeved white shirt.  I have that in quotes.

Answer:  Okay.

Question:  Did you not testify to that?

Answer:  It was a light colored shirt.

Question:  So you're not sure of the length of the sleeves then?

Answer:  It was about this long.

Question:  Did you see –

Answer:  It wasn't a shirt like this.

Question:  It wasn't a short-sleeved shirt, it wasn't long sleeved, now it's halfway in between.  Is that what –

Answer:  Yes.

Question:  Is that what your testimony is?

"An essential element of the due process guaranteed by the Fourteenth Amendment is that no person shall be made to suffer the onus of a criminal conviction except upon

17

sufficient proof....defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." <u>Smallwood v. Commonwealth</u>, 14 Va. App. 527, 533, 418 S.E.2d 567, 561 (1992) (quoting <u>Jackson v. Virginia</u>, 443 U.S. 306, 316-17 (1979).  The evidence in this case fails to exclude every reasonable hypothesis of innocence and this Honorable Court should grant this Petition and reverse his conviction.

## ARGUMENT 2

**II. Whether the trial gave the proper weight to the testimony of the alibi witness and whether the Commonwealth proved the case beyond a reasonable doubt. (This issue is preserved at Tr. p. 205 and 280).**

The defense presented an alibi witness, Donte Blunt, who testified that Mr. Bevier was with him at the time the robbery occurred (Tr. pp. 65, 95, 175-182). Although the Commonwealth attempted to discredit the witness, he never wavered from his assertion that the defendant was present with him at the time, nor was he impeached (Tr. pp. 186-188).

By asserting an alibi defense, a defendant denies that he was present at the time and place where the crime charged occurred. The burden of establishing alibi is on the defendant. That burden is met if the alibi, when considered with the whole evidence, raises a reasonable doubt about the defendant's presence at the crime. Frye v. Procunier, 746 F.2d 1011, 1013-14 (4th Cir. 1984); see Fout v. Commonwealth, 199 Va. 184, 194, 98 S.E.2d 817, 824-25 (1975).                    19

Here, the testimony of Donte Blunt placed Mr. Beiver at his apartment doing laundry at the time the crime was committed.  He was very specific about the date because of how it fit with his work schedule (Tr. 184-187) and, even more significantly, he was very specific about the stormy weather (Tr. 177) which is completely consistent with the testimony of the victims of the robbery, who also testified as to the stormy weather on the evening of September 17, 2004.  Given the inconsistencies of the testimony of the victims and the unrebutted consistency of the alibi witness, there is considerable doubt as to the actual facts and this is insufficient evidence as a matter of law to find guilty beyond a reasonable doubt as is required by <u>Higgenbotham v. Commonwealth</u>, 216 Va. 349, 218 S.E.2d 534, 537 (1975).

## ARGUMENT 3

**III. The Jury did not fully understand the nature of the sentence they rendered as to how the time was to be served, concurrently verse consecutively, and the jury instruction did not properly guide them in formulating a proper sentence.  (This issue was preserved at Sentencing pp. 7, 9-10).**

Mr. Beiver was convicted by the jury and sentenced to serve a term of 43 years (Tr. p. 278).  During the course of deliberations by the jury, they presented three questions to the Honorable Judge Gill regarding whether the time they were considering would be served concurrently or consecutively and why there was a discrepancy for the time required for the gun charges in the robbery of the two employees.  Judge Gill answered that Jury Instruction Number 27 was clear and unequivocal and to decide based upon what they had in front of them. (Tr. pp. 274-276).

Subsequent to the trial, and prior to the sentencing hearing on July 14, 2005, Mr. Thomas McKenna, Assistant Commonwealth Attorney, informed defense counsel that a

juror had contacted him after the trial.  This juror had stated

that there was some confusion among the jury as to whether

the time they had given Mr. Bevier was to run concurrently or

consecutively (Sentencing Tr. pp. 9-10).  Defense counsel

asked the trial judge to consider adjusting the jury's verdict

to reflect what the Commonwealth's Attorney admits may

have been a misunderstanding by the jury as to the actual

time Mr. Bevier was to serve (Sentencing Tr. p. 7).  The Court

adopted the sentence imposed by the jury at trial (Sentencing

Tr. p. 13).

As the Court of Appeals noted in <u>Cooper vs.</u>

<u>Commonwealth</u>, 280 Va. App. 497, 345 S.E. 2d 775 (1986)

"the purpose of an instruction is to furnish guidance to the

jury in their deliberations, and to aid them in arriving at a

proper verdict." It is obvious that the jury failed to

appreciate what length of sentence they were issuing to Mr.

Bevier, and therefore committed a reversible error as to the

sentence.  When an error by the trial court is as blatant as it

is here, the ends of justice have not been met.  Rule 5A:18 of

the Virginia Rules of the Supreme Court allow this Honorable Court to review and correct injustices. Based upon the facts and circumstances presented herein, it is incumbent upon this Court to reverse the error concerning sentencing and remand for reconsideration.

## CONCLUSION

WHEREFORE, YOUR APPELLANT REQUEST THAT THE MATTER BE REMANDED TO THE CIRCUIT COURT OF CHESTERFIELD COUNTY FOR RETRIAL ON THE CHARGES OF WHICH MR. BEVIER WAS CONVICTED OR, IN THE ALTERNATIVE THAT REHEARING ON THE ISSUE OF SENTENCING BE CONDUCTED.

RESPECTFULLY
SUBMITTED
PRO SE:

By Neilson F. Bevier III

1011402

# Charles A. Johnson, P.C.

### Attorney and Counselor at Law
555 E. Main Street, Suite 1102
Telephone (757) 533-9450                Norfolk, Virginia 23510                Facsimile (757) 622-3698

January 11, 2010

Neilson Bevier, III, #349383
Wallen's Ridge State Prison
P.O. Box 759                          *FACTS*
Big Stone Gap, Virginia 24219

     **RE:** *Habeas Corpus*

Dear Mr. Bevier:

     I could not understand why I had never received any decision from the Virginia Supreme Court on the appeal that I was allowed to make on your behalf from the Court of Appeals. You may recall that this was the part of the decision made by the Judge in Chesterfield that allowed you to at least the petition the Virginia Supreme Court for a review of your case.

     I thought that the reason that the matter was taking so long was because of the manner in which it was referred to the court; that is the success of our *Habeas Corpus* petition in the Circuit Court and then my later appointment to represent you from that court. In any event, I recently contacted the court and asked. To my surprise, I discovered that the petition for appeal had been denied eight months previous to that. I am enclosing, for your information, a copy of the decision which denied the appeal. I am sorry for this decision and forced to advise you that, at least as it relates to the appeal process, the appeal process is now over.

     Since this decision was not mailed to me, the only thing I can figure out is that it must have been mailed to your prior attorney who lacked the time, energy, and courtesy to forward it on to me. That is just a guess but I notice in the decision itself that it does not list me as your counsel. That is hard to understand since I obviously have to sign all the briefs and correspondence with the court. Nonetheless, my name was omitted from the Order itself. In any event, I regret the long delay and finding out that the petition for appeal had been denied. It is enclosed for your use and information.

     Sincerely,

     Charles A. Johnson

CAJ/cw
Enclosure

# VIRGINIA:

*FACTS*

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on*   Friday   *the* 23rd   *day of*   January, 2009.

Neilson Bevier, III,

Appellant,

against        Record No. 081633
               Court of Appeals No. 2136-05-2

Appellee.

Commonwealth of Virginia,

From the Court of Appeals of Virginia

Upon review of the record in this case and consideration of the argument submitted in support of the granting of an appeal, the Court refuses the petition for appeal.

The Circuit Court of Chesterfield County shall allow court-appointed counsel the fee set forth below and also counsel's necessary direct out-of-pocket expenses. And it is ordered that the Commonwealth recover of the appellant the costs in this Court and in the courts below.

Costs due the Commonwealth
 by appellant in Supreme
 Court of Virginia:

        Attorney's fee    $600.00 plus costs and expenses

                    A Copy,

                    Teste:

                                    Patricia L. Harrington, Clerk

                    By:

                    Deputy Clerk

In the

Federal Courts

---

Chesterfield Circuit Court Record Nos.
CR05F00050-1 and CR05F00676

---

Neilson Bevier, III

  Appellant,

    v.

Commonwealth of Virginia,

  Appellee.

---

On Appeal From the Supreme
Court of Appeals of Virginia

---

Petition on Appeal

---



RECEIVED
MAY – 5 2010
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

## SUBJECT INDEX

**Page**

Table of Authorities ............................................................... iii

Statement of the Case ...................................................... 3-4

Statement of Facts........................................................... 5-9

Assignments of Error ......................................................... 10

Questions Presented...................................................... 11-12

   1.  Was there sufficient evidence as a matter of law for the court to conclude that the defendant was the individual who committed these crimes given the inconsistencies of the Commonwealth witnesses?  (Tr. 240, 243, 280) ........................................................ 11-12

   2.  Was there sufficient evidence as a matter of law for the court to reject the testimony of defense witness, Donte Blunt, who clearly established an alibi for the Defendant?  (Tr. 280) .............................................. 11-12

   3.  Did the court provide proper instruction to the jury panel when they requested guidance as to consecutive and concurrent period of imprisonment?   (Tr. 281)........ 11-12

Arguments.................................................................. 13-23

   I.  The trial court committed reversible error by finding the evidence sufficient to support the convictions.  This issue was raised (Tr. p. 280), and the Petitioner maintains that the ends of justice exception of Rule 5A:18 of the Virginia Rules of the Supreme Court should apply, as the error is clear, substantial and material. ............................................................... 13-18

II. The trial did not give the proper weight to the testimony of the alibi witness and errored in concluding Commonwealth its the case beyond a reasonable doubt. ................................................................... 19-20

III. The Jury did not fully understand the nature of the sentence they rendered as to how the time was to be served, concurrently verse consecutively, and the jury instruction did not properly guide them in formulating a proper sentence. ................................................... 21-23

Conclusion ................................................................ 24

# TABLE OF AUTHORITIES

Table of Cases                                                                      Page

Boothe v. Commonwealth
    4 Va. App. 484, 492, 358 S.E.2d 740, 745, (1987) ................13


Bridgeman v. Commonwealth
    3 Va. App. 523, 528, 315 S.E.2d 598, 601 (1989) ............ 14, 15


Cooper v. Commonwealth
    280 Va. App. 497, 345 S.E. 2d 775 (1986) ............................22


Estes v. Commonwealth
    8 Va. App. 520, 382 S.E.2d 491 (1989)................................15


Frye v. Procunier
    746 F.2d 1011, 1013-14 (4th Circ. 1984)
    see Fout v. Commonwealth, 199 Va. 184, 194, 98 S.E.2d 817,
    824-25 (1957) ................................................................19


Higginbotham v. Commonwealth
    216 Va. App. 349, 352 218 S.E.2d 534, 537 (1975) ..... 13, 15, 20


Hodge v. Commonwealth
    217 Va. App. 338, 345, 228 S.E. 2d 692, 697 (1976) ..............14


Jackson v. Virginia
    443 U.S. 306, 316017 (1979) ............................................18


Neil v. Biggers
    409 U.S. 188, 199-200, 34 L. Ed 2d 401, 93 S.
    Ct. 375 (1972) ...............................................................15


Ortega v. Commonwealth
    31 Va. App. 779, 786, 525 S.E. 2d 623, 627 (2000)................13


Smallwood v. Commonwealth
    14 Va. App. 527, 533, 418 S.E.2d 567, 561 (1992)
    (quoting Jackson v. Virginia, 443 U.S. 306, 316-17 (1979).......18



FILED
MAILROOM

MAR 3 0 2010

CLERK U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

In the matter of application of

Neilson F. Ikenns #349-83 - Petitioner Pro se
— Plfs.

Commonwealth of Virginia
Gene Johnson / Director of VA Doc. — Respondents

"Acting under the Color of Virginia State law"

RECEIVED

MAY - 5 2010

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

Virginia

CASE NO: 2:05F00050 - I AND 2:05F00676

## Motion Requesting Appointment of Counsel.

Comes now the Petitioner Neilson F. Ikenns, in suit to and Rule §1915 respectfully request that suit to appoint Counsel to represent him in the above matter for the following reasons:

1) The Petitioner is unable to afford Counsel.

2) The Gussues involved in this matter is Complex

3) The Petitioner as a minimum security Inmate Has Severly limited access to the law Library, and a Very Legal material.

4) The Petitioner has an even more limited knowledge of the law and has an understanding of how it applies on this matter at bar.

For the following above reasons this Petitioner request

(Page 1 of 2)

*that* ... *Represent*

*him in this matter*

_____

Sincerely authorities

Z.B_111

• Neilson E. revere - Petitioner

Date 3/16/10                     Due Date _____

**Authentication**

Sworn to and signed before me on this 16th day of March

2110  _____Amanda Roe___ 399104   ____Z.B_111____

Notary Public                         Petitioner Name

My commission expires in 12-31-2013

**Verification**

"I, _Neilson C. revere_, being duly sworn, state, under the
penalty of perjury that I have mailed a true and
correct copy of this motion with affidavit to all the
opposing parties listed below."

Sincerely

/s/ Neilson C. revere

**Certificate of Service**

1. The United States District Court of Virginia (Eastern)
   Alexandria Virginia

2. Virginia Attorney General office ____ ____ ____
   900 East 17th floor Richmond Richmond VA 23219

3. All Parties retained.

(Page 3 of 3)